# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60400-CV-SINGHAL/TORRES

ANNA MARIA WILLIAMS,

    Plaintiff,

v.

MARTIN O'MALLEY, Acting Commissioner
of the Social Security Administration,

    Defendant.

_____/

## [1]AMENDED REPORT AND RECOMMENDATION ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

    This cause comes before the court on cross-motions for summary judgment filed by Plaintiff, Anna Maria Williams ("Plaintiff" or "Ms. Williams") [D.E. 11] and Defendant, Martin O'Malley, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner") [D.E. 15] on whether the Administrative Law Judge ("ALJ") properly weighed the evidence in reaching her unfavorable decision. Under the limited standard of review governing this case, the Court finds that the motions are ripe for disposition. For the reasons stated below, we recommend that Plaintiff's motion for summary judgment [D.E. 11] be

---

[1] This Amended Report and Recommendation is substantively identical to the initial Report and Recommendation [D.E. 22]; it only removes a misstated clause, found in the first paragraph of the initial Report and Recommendation, that "substantial evidence supports the ALJ's determinations." [D.E. 22 at 1].

**GRANTED**, Defendant's motion for summary judgment [D.E. 15] be **DENIED**, and this case be **REMANDED**.[2]

## I. BACKGROUND

On October 8, 2020, Plaintiff applied for a disability stemming back to August 2, 2020. The basis for Plaintiff's claim was that, because of a slip and fall at work and a subsequent car accident, Plaintiff suffered various impairments to her neck, lower back, left shoulder, and her upper right extremity. After a hearing was held, the ALJ found that Plaintiff had the following severe impairments: status post anterior cervical discectomy with fusion; status post lumbar surgery; fifth digit tenosynovitis of the right hand; status post arthroscopy; debridement of rotator cuff and labral tear; and as to the right shoulder, a tear, strain, tendinitis, degenerative joint disease, and a spur. [D.E. 10 at 23–24].

After considering these impairments, the ALJ made the following determination as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could not lift/carry more than 10 pounds frequently. She could stand/walk and sit for 6 hours in an 8-hour workday. She could occasionally climb ramps or stairs, but she could never climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch, or crawl. She could frequently reach. She could frequently handle and finger with her right upper extremity.

[*Id.* at 24]. Plaintiff appealed this unfavorable decision to the Appeals Council but was denied review. Thus, the pending action followed.

---

[2] On August 15, 2024, the Honorable Raag Singhal referred this matter to the Undersigned Magistrate Judge for a Report and Recommendation. [D.E. 19].

Now, Plaintiff argues that a multitude of errors plague the ALJ's opinion, which are placed into two categories: (1) the ALJ failed to properly evaluate the opinion evidence resulting in an RFC that was not based on substantial evidence; and (2) the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony.

## II.    STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as an ALJ's findings are supported by substantial evidence, a court must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."); *Miles*, 84 F.3d at 1400;

3

42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A court also reviews an ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id*. (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). We cannot "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [ALJ]." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)). Instead, while "scrutiniz[ing] the record as a whole," we must determine if the ALJ's findings were reasonable, *Bloodsworth*, 703 F.2d at 1239, and if the proper legal standards were applied, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III.    APPLICABLE LAW AND LEGAL PRINCIPLES

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The

claimant bears the burden of producing evidence that proves he or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)).

An ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, an ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If an ALJ does not make such a finding, then the inquiry ends. *See id.* at § 404.1520(c). At step three, an ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. An ALJ assesses a claimant's RFC prior to this stage, based on the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See id.* at § 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s).

When making this finding, an ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. Only upon the conclusion of this function-by-function analysis may an ALJ express the claimant's RFC in terms of the exertional levels of work (i.e., sedentary, light, medium, heavy, and very heavy).

This leads to step five—the final inquiry—where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform based on the claimant's RFC, work experience, education, and age. *See id.* at § 404.1520(e)-(f).

### IV.   ANALYSIS

We will first address whether the ALJ properly evaluated the opinion evidence, and particularly, the opinions of Dr. Frazer and Dr. Tome.

Plaintiff's initial argument is that the ALJ had a duty to articulate her consideration of Dr. Frazer's and Dr. Tome's opinions that Plaintiff should avoid "over exertion in the form of pushing, pulling, lifting, stooping, reaching, bending, prolonged standing, walking, and sitting." [D.E. 10 at 517; 647]. Because the ALJ did not at all address the opinions of Dr. Frazer and Dr. Tome in her unfavorable decision, Plaintiff urges that the ALJ committed reversible error.

Defendant, meanwhile, apparently concedes that the ALJ did not mention the opinions of Dr. Frazer and Dr. Tome. Defendant argues, however, that the ALJ was under no duty to assess these opinions because they were not "medical opinions." Rather, in Defendant's view, Dr. Frazer and Dr. Tome offered "merely a treatment recommendation about how Plaintiff could treat her musculoskeletal symptoms." [D.E. 15 at 9]. Thus, Defendant argues that because these "recommendations" were not "medical opinions" under 20 C.F.R. § 404.1513(a)(2), the ALJ was under no duty to consider them.

We agree with Plaintiff that the ALJ committed reversible error in failing to even mention, let alone adequately consider, the opinions of Dr. Frazer and Dr. Tome. Under the current regulations, "[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" as to certain physical abilities. 20 C.F.R. § 404.1513(a)(2). Those physical abilities include a claimant's "ability to perform physical demands of work activities, such as sitting, standing,

7

walking, lifting, carrying, pushing, pulling or other physical functions ….." § 404.1513(a)(2)(i).

Here, Dr. Frazer's and Dr. Tome's opinions both state, after each had multiple visits with Plaintiff, that Plaintiff should avoid "over exertion when pushing, pulling, lifting, stooping, reaching, bending, prolonged standing, walking, and sitting." [D.E. 10 at 517; 647]. These findings squarely fit within the purview of the regulations' definition of a "medical opinion"; that is, the opinions are "statement[s] from a medical source about … whether [Plaintiff has] one or more impairment-related limitations or restrictions" as to "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions." § 404.1513(a)(2)(i).

Moreover, Defendant provides the Court with not an iota of authority to support that these opinions are "treatment recommendations" as opposed to medical opinions. Thus, we agree with Plaintiff that the opinions of Dr. Frazer and Dr. Tome were medical opinions as defined by the regulations, and consequently, that the ALJ erred in failing to consider those medical opinions. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) ("The ALJ erred when he failed to mention, much less consider, Dr. Janush's opinion of Dempsey's ability to concentrate. … Without a clear explanation of the ALJ's treatment of Dr. Janush's opinion, we cannot determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence."); *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020) (remanding in favor of the claimant because "[h]ere, where the ALJ made no mention of Dr. Garewal's opinion that [the claimant] was

8

unable to work and failed to specify the weight given to that opinion, we cannot 'determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence'"); *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011) (remanding where the ALJ failed to adequately consider two "doctors' opinions [that were] contrary to the ALJ's residual functional capacity assessment," because "[w]ithout an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence"); *Brioso v. Kijakazi*, No. 22-CV-21991-JEM, 2023 WL 5595912, at *8 (S.D. Fla. Aug. 11, 2023), *report and recommendation adopted*, 2023 WL 5563394 (S.D. Fla. Aug. 29, 2023) (quoting *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021)) (finding that the ALJ erred in failing to adequately analyze a medical opinion because the "'[t]he new regulations require an ALJ to articulate the persuasiveness of all medical opinions in the case record' and 'assess their persuasiveness, and explain his decision, particularly with respect to supportability and consistency'"); *Aleman v. Saul*, No. 18-25173-CIV, 2019 WL 11506014, at *1 (S.D. Fla. Dec. 2, 2019) (remanding the ALJ's decision because, in part, the ALJ "completely disregard[ed] the opinions of" several medical professionals); *Holsey on behalf of AES v. Comm'r of Soc. Sec.*, No. 3:14-CV-938-J-PDB, 2015 WL 12843870, at *2 (M.D. Fla. Sept. 28, 2015) (citing 20 C.F.R. § 416.920(a)(3)) ("Because the ALJ failed to discuss or even consider Dr. Gentry's opinions, the Court cannot affirm simply because substantial evidence might support

rejecting them. The ALJ was obligated to consider the opinions but failed to do so. That failure requires reversal and remand.").

Additionally, we cannot say that the error was harmless. It is at least possible that consideration of these medical opinions would have persuaded the ALJ that greater limitations as to Plaintiff's RFC were appropriate. *See Dempsey*, 454 F. App'x at 733 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1514–16, 1516 (11th Cir. 1984)) (rejecting the Commissioner's harmless error argument after the ALJ failed to properly consider a medical opinion, because "[w]e cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion'").

Accordingly, we recommend that the decision of the ALJ be remanded for the ALJ to properly consider the medical opinions of Dr. Frazer and Dr. Tome and determine the proper weight to be afforded to those medical opinions. *See id.* at 732, n.5 ("Thus, rather than accept the ignored treating doctor's opinion as true and remand for the award of benefits, we remand to the agency to determine in the first instance the proper weight to be afforded the treating doctor's opinion."). And from that finding, the ALJ must address whether Plaintiff's RFC must be revisited.

We decline to reach the remainder of Plaintiff's arguments. Each of the arguments consists of whether the ALJ adequately considered individual pieces of evidence against the whole of the record. Specifically, Plaintiff argues that the ALJ failed to adequately consider the opinion of Dr. Kroll and the state agency reviewers, as well as Plaintiff's subjective complaints. But upon remand, the ALJ's analysis will be revised and supplemented to include the medical opinions of Dr. Frazer and Dr.

Tome. Thus, because, there will be a new record against which the ALJ will consider the opinion of Dr. Krost, the state agency reviewers, and Plaintiff's subjective complaints, the Court should abstain from addressing these arguments, as that evidence was evaluated in the confines of an incomplete record.

### *V. CONCLUSION*

The ALJ failed to consider the medical opinions of Dr. Frazer and Dr. Tome, and in doing so committed reversible error. Thus, we recommend that Plaintiff's motion for remand [D.E. 11] be **GRANTED**, Defendant's motion [D.E. 15] be **DENIED**, and the ALJ's unfavorable decision be **REVERSED** and **REMANDED** to the Commissioner for further proceedings.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties have one (1) day from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers in Miami, Florida 11th day of September, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge